# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| ANTOINETTE S. AUSTIN,<br><br>   Plaintiff,<br><br>vs.<br><br>DEPUTY OLIVER, DEPUTY HOOK, NURSE BILLY JO, NURSE DARCY, BLACK HAWK COUNTY SHERIFF,<br><br>   Defendants. | No. C06-2073-MWB<br><br>**INITIAL REVIEW ORDER** |

## *I. INTRODUCTION*

This matter is before the court on the plaintiff's application to proceed in forma pauperis. The plaintiff submitted such application on October 19, 2006. Along with her application to proceed in forma pauperis, the plaintiff submitted a complaint.

## *II. IN FORMA PAUPERIS APPLICATION*

On November 17, 2006, the court ordered the plaintiff to submit a certified copy of her inmate account statement by no later than December 8, 2006. The plaintiff attempted to comply with the court's order on December 11, 2006. Based on the application and the subsequent document that the plaintiff submitted, in forma pauperis status shall be granted. 28 U.S.C. § 1915. The Clerk of Court shall file the complaint without the prepayment of the filing fee. The plaintiff shall submit $5.00 as her initial partial filing fee. 28 U.S.C. § 1915(b)(1). In addition, the plaintiff shall submit monthly payments of 20 percent of the preceding month's income credited to her inmate account until the $350.00 filing fee is paid. 28 U.S.C. § 1915(b)(2); *see also* 28 U.S.C. § 1914(a) (requiring $350.00 filing fee). The agency having custody of the plaintiff shall forward payments from her inmate account to the Clerk of Court each time the amount in the account exceeds $10 until the filing fee is paid. 28 U.S.C. § 1915(b)(2).

### III. THE PLAINTIFF'S COMPLAINT

Currently confined at the Iowa Correctional Institution for Women in Mitchellville, Iowa, the plaintiff, proceeding pro se, submitted a complaint under 42 U.S.C. § 1983. Jurisdiction appears to be predicated on 28 U.S.C. § 1343. Under 28 U.S.C. § 1391(b), venue appears to be proper as the defendants are located in this district and the events giving rise to the instant action occurred in this district.

In her complaint, the plaintiff states:

> On two occasions[,] I slipped and fell due to water being on the floor in [the] Black Hawk County Jail. The first time was [on October 9, 2004]. I injured my leg [and/or] knee. The second time there was water and I slipped and fell was in [September] of 2004. Deputy Oliver and Nurse Billy Jo witness[ed] this. My knee was swollen. I could walk. Nothing was done. [I sustained] injuries to my knee.

As relief, the plaintiff states that she wants an attorney to represent her on the instant claim.

### IV. DISCUSSION

#### A. Standard of Review

A pro se complaint must be liberally construed. *See Hughes v. Rowe*, 449 U.S. 5, 9, 101 S. Ct. 173, 66 L. Ed. 2d 163 (1980); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972) (per curiam); *Smith v. St. Bernards Reg'l Med. Ctr.*, 19 F.3d 1254, 1255 (8th Cir. 1994). A court, however, can dismiss at any time a complaint filed in forma pauperis if the complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1). A claim is "frivolous" if it "lacks an arguable basis in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *accord Cokeley v. Endell*, 27 F.3d 331, 332 (8th Cir. 1994). Accordingly, a court may review the complaint and dismiss sua sponte those claims that are premised on meritless legal theories or that clearly lack any factual basis. *See id.*;

*see also Denton v. Hernandez*, 504 U.S. 25, 27, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992).

### *B. Overview of Civil Rights Claims Under 42 U.S.C. § 1983*

Title 42 U.S.C. § 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

42 U.S.C. § 1983 was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 685, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). However, 42 U.S.C. § 1983 provides no substantive rights. *Albright v. Oliver*, 510 U.S. 266, 271, 114 S. Ct. 807, 127 L. Ed. 2d 114 (1994); *Graham v. Conner*, 490 U.S. 386, 393-94, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989); *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 617, 99 S. Ct. 1905, 60 L. Ed. 2d 508 (1979). "One cannot go into court and claim a 'violation of [42 U.S.C.] § 1983' — for [42 U.S.C.] § 1983 by itself does not protect anyone against anything." *Chapman*, 441 U.S. at 617. Rather, 42 U.S.C. § 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." 42 U.S.C. § 1983; *see also Albright*, 510 U.S. at 271 (42 U.S.C. § 1983 "merely provides a method for vindicating federal rights elsewhere conferred."); *Graham*, 490 U.S. at 393-94 (same); *Maine v. Thiboutot*, 448 U.S. 1, 4, 100 S. Ct. 2502, 65 L. Ed. 2d 555 (1980) ("Constitution and laws" means 42 U.S.C. § 1983 provides remedies for violations of rights created by federal statute, as well as those created by the Constitution.). To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) the

alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988).

### *C. The Plaintiff's Claim*[1]

The applicable statute of limitations is the period governing personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 276-80, 105 S. Ct. 1938, 85 L. Ed. 2d 254 (1985); *see also Wycoff v. Menke*, 773 F.2d 983, 984-87 (8th Cir. 1985) (finding it appropriate to apply Iowa's personal injury statute of limitations to actions brought under 42 U.S.C. § 1983). In Iowa, the statute of limitations for personal injury actions is two years after accrual. Iowa Code § 614.1(2). Such "'statute of limitations begins to run when the injured person discovers or in the exercise of reasonable care should have discovered the allegedly wrongful act'". *Roth v. G.D. Searle & Co.*, 27 F.3d 1303, 1306 (8th Cir. 1994) (quoting *Franzen v. Deere & Co.*, 377 N.W. 2d 660, 662 (Iowa 1985)). Clearly, the alleged harm to the plaintiff occurred in September of 2004, and the plaintiff did not file her complaint until October 15, 2006. Accordingly, the applicable statute of limitations bars the plaintiff's action.

Further, mere negligence on the part of prison officials violates neither the Fourteenth Amendment nor the Eighth Amendment. *See Walker v. Reed*, 104 F.3d 156, 157-58 (8th Cir. 1997) (analyzing allegation that plaintiff "slipped and fell" because of water on the floor).[2] Finally, with respect to the relief requested, an indigent litigant

---

[1] In a prior order, the court informed the plaintiff that the applicable statute of limitations is two years after accrual and that mere negligence on the part of prison officials does not violate the Fourteenth Amendment or the Eighth Amendment.

[2] The plaintiff asserts "[n]othing was done." It is unclear whether this statement refers to the slippery floors or the knee injury. The plaintiff's factual allegations of wrongdoing are devoid of specific actors. This style of pleading robs the defendants of fair notice. Complaints such as the instant one make it difficult for a defendant to file a responsive pleading and make it difficult for the trial court to conduct orderly litigation. To the extent that the plaintiff alleges that the defendants were deliberately indifferent to
(continued…)

4

enjoys neither a statutory nor a constitutional right to have counsel appointed in a civil case *Wiggins v. Sargent*, 753 F.2d 663, 668 (8th Cir. 1985); *see also Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996) (setting forth factors to be considered for appointment of counsel in civil case); *Abdullah v. Gunter*, 949 F.2d 1032, 1035 (8th Cir. 1991) (same).

For the foregoing reasons, the plaintiff's complaint shall be dismissed as frivolous or for failing to state a claim upon which relief can be granted. Because the court deems it appropriate to dismiss the complaint pursuant to 28 U.S.C. 1915A(b)(1) and/or 28 U.S.C. § 1915(e)(2)(B), the dismissal of this action shall count against her for purposes of the three-dismissal rule set forth in 28 U.S.C. § 1915(g).

**IT IS THEREFORE ORDERED**:

(1) The plaintiff's application to proceed in forma pauperis is granted.

(2) The Clerk of Court is directed to file the complaint without the prepayment of the filing fee.

(3) The agency having custody of the plaintiff is directed to submit $5.00 as her initial partial filing fee and to submit monthly payments of 20 percent of the preceding month's income credited to her inmate account until the $350.00 filing fee is paid.

(4) The agency having custody of the plaintiff shall forward payments from her inmate account to the Clerk of Court each time the amount in the account exceeds $10 until the filing fee is paid. 28 U.S.C. § 1915(b)(2).

(5) The plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2) and/or 28 U.S.C. § 1915A(b)(1).

---

²(…continued)
a serious medical need, the court's conclusion regarding the statute of limitations still applies, and, therefore, such a claim cannot succeed.

5

(6) The dismissal of this action counts against the plaintiff for purposes of the three-dismissal rule set forth in 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**DATED** this 23rd day of April, 2007.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA

A copy of this document has been mailed/faxed to all counsel of record, pro se parties and others listed and not shown as having been served electronically under the cm/ecf system:

by: /s/ des 4/23/07

TO: **WARDEN/ADMINISTRATOR**
**Iowa Correctional Institution for Women, Mitchellville, Iowa**

## NOTICE OF COLLECTION OF FILING FEE

You are hereby given notice that Antoinette S. Austin, #1010398, an inmate at your facility, filed the following lawsuit in the United States District Court for the Northern District of Iowa: *Austin v. Oliver, et al.*, Case No. C06-2073-MWB. The inmate was granted in forma pauperis status pursuant to 28 U.S.C. § 1915(b), which requires partial payments of the $350.00 filing fee. Based on the prisoner account information, the court has assessed an initial partial filing fee of $5.00, which the inmate must pay now to the Clerk of Court. 28 U.S.C. § 1915(b)(1).

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). If the inmate currently does not have sufficient funds to pay the initial partial filing fee, you must monitor the account and send payments to the Clerk of Court according to the system provided in 28 U.S.C. § 1915(b)(2).

Please make the appropriate arrangements to have these fees deducted and sent to the court as instructed.

/s/ des
_____
Pridgen J. Watkins
U.S. District Court Clerk
Northern District of Iowa

A copy of this document has been mailed/faxed to all counsel of record, pro se parties and others listed and not shown as having been served electronically under the cm/ecf system:

plus certified copies to CR Financial, Warden/Administrator
by: /s/ des   4/23/07